UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

SANDRA L. MILLIKIN and
SHERRI BEAULIEU,

        Plaintiffs,                         **JURY TRIAL DEMANDED**

      v.

SKYE AJ 2 INC. d/b/a BISCUIT
BARN NORTH, a Florida corporation,
ARTHUR GREEN, JR., an individual, and
TIFFANY D. GREEN, and individual,

        Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiffs, SANDRA L. MILLIKIN ("MILLIKIN") and SHERRI BEAULIEU, through undersigned counsel, files this Complaint for Damages against Defendants, SKYE AJ 2 INC. d/b/a BISCUIT BARN NORTH, a Florida corporation, (hereinafter "BISCUIT BARN"), ARTHUR GREEN, JR., an individual, and TIFFANY D. GREEN, and state as follows:

**INTRODUCTION**

1. This is an action to recover monetary damages in the form of unpaid overtime and minimum wages, and to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA"), the Florida Minimum Wage Amendment, Fla. Const. Art. X, §24, and the Florida Minimum Wage Act, Fla. Stat. 448.110, (collectively, the "FMWA).

1

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §201 *et seq.,* 29 U.S.C. 216(b), and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, the corporate Defendant, BISCUIT BARN, was an enterprise engaged in interstate commerce within the meaning of the FLSA. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. At all times during Plaintiffs' employment with the Defendants, the Defendants employed at least two or more employees who were engaged in interstate commerce, or who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any other person.

4. During the relevant time period, Defendants' business consisted of restaurant which serves food and beverages. Plaintiff's work and the work of other employees involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendants' business, and that moved in interstate commerce. Specifically, the Plaintiffs and other employees regularly and recurrently handled food, drinks and other goods or materials which were originally manufactured outside the State of Florida.

5. Upon information and belief, during the relevant time period, BISCUIT BARN had an annual gross volume of sales made or business done of not less than $500,000.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida, and

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiffs, MILLIKIN and BEAULIEU were "employees" of the Defendants within the meaning of the FLSA and FMWA.

10. At all times material hereto, corporate Defendant, BISCUIT BARN was conducting business in Citrus County, Florida, with its principal place of business at 960 NW US-19, Crystal River, Florida.

11. While Plaintiff MILLIKIN worked for the Defendants, Defendants were the employers of MILLIKIN.

12. While Plaintiff BEAULIEU worked for the Defendants, Defendants were the employers of BEAULIEU.

13. While the Plaintiffs were employed by Defendants, Defendants were and continue to be "employer[s]" within the meaning of the FLSA and FMWA.

14. While MILLIKIN was employed by Defendants, Defendants knowingly and willfully failed to pay MILLIKIN her lawfully earned wages in conformance with the FLSA and FMWA.

15. While BEAULIEU was employed by Defendants, Defendants knowingly and willfully failed to pay BEAULIEU her lawfully earned wages in conformance with the FLSA and FMWA.

16. Defendants are liable for monetary damages for violations of the FLSA.

17. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

18. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. From about June 2018 to about November 2019, the Plaintiff MILLIKIN worked at BISCUIT BARN as a dishwasher and cook.

20. Plaintiff MILLIKIN initially worked part time at BiISCUIT BARN, and then began working full time around September 2018.

21. When Plaintiff MILLIKIN worked full time, she worked on average 53 hours per week, and usually worked six days per week.

22. When Plaintiff MILLIKIN began working full time, she was switched from hourly to a salary of $425 per week.

23. From about August 1, 2017 to about mid-October 2019, the Plaintiff BEAULIEU was employed at BISCUIT BARN as a cook. In addition to cooking, Plaintiff BEAULIEU sometimes performed dishwashing, and cleaned the floors, and performed other cleaning work.

24. Plaintiff BEAULIEU worked on average about 54 hours per week, and usually worked 6 days per week.

25. Plaintiff BEAULIEU was paid a salary of $650 per week, part by check and part in cash. Plaintiff BEAULIEU pay varied if she worked less hours.

26. The Plaintiffs were instructed by management to not clock in for all days worked, to clock out early and continue working, and to not clock in at the beginning of the work shift.

27. The Plaintiffs time records do not accurately reflect the time they worked due to the Defendants' pay practice of not recording all time worked.

28. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs.

29. Defendant, ARTHUR GREEN, JR. was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiffs.

30. Defendant, TIFFANY D. GREEN, was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiffs.

31. The individual Defendants are personally liable for the FLSA violations.

32. Defendant ARTHUR GREEN, JR. was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

33. Upon information and belief, Defendant TIFFANY D. GREEN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

34. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

### *AS TO PLAINITFF MILLIKIN*

35. Plaintiffs MILLIKIN repeats and realleges Paragraphs 1 through 22, and 27 to 32 as if fully set forth herein.

36. Plaintiff, MILLIKIN'S employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

37. During Plaintiff, MILLIKIN'S employment with Defendants, Plaintiff, MILLIKIN worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, MILLIKIN was entitled to be paid at the rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

38. Records, if any, concerning the number of hours worked by Plaintiff, MILLIKIN and the actual compensation paid to Plaintiff MILLIKIN are in the possession and custody of the Defendants. Plaintiff, MILLIKIN intends to obtain these records by appropriate discovery

proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due him.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, MILLIKIN at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

40. Defendants failed to properly disclose or apprise Plaintiff, MILLIKIN of her rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, MILLIKIN is entitled to liquidated damages pursuant to the FLSA.

42. Due to the willful and unlawful actions of the Defendants, Plaintiff, MILLIKIN has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

43. Plaintiff, MILLIKIN is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, MILLIKIN respectfully requests that judgment be entered in her favor against the Defendants:

    a. declaring that the Defendants violated the overtime provisions of 29 U.S.C. §207;

    b. awarding Plaintiff, MILLIKIN overtime compensation in the amount calculated;

    c. awarding Plaintiff, MILLIKIN liquidated damages in the amount calculated;

    d. awarding Plaintiff, MILLIKIN reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.      awarding Plaintiff, MILLIKIN post-judgment interest; and

f.      ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

### *AS TO PLAINITFF BEAULIEU*

44. Plaintiffs BEAULIEU repeats and realleges Paragraphs 1 through 16 and 21 to 32 as if fully set forth herein.

45. Plaintiff, BEAULIEU'S employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

46. During Plaintiff, BEAULIEU'S employment with Defendants, Plaintiff, BEAULIEU worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours.  Plaintiff, BEAULIEU was entitled to be paid at the rate of time and one-half for all of her hours worked in excess of the maximum hours provided for in the FLSA.

47. Records, if any, concerning the number of hours worked by Plaintiff, BEAULIEU and the actual compensation paid to Plaintiff BEAULIEU are in the possession and custody of the Defendants.  Plaintiff, BEAULIEU intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due him.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, BEAULIEU at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

49. Defendants failed to properly disclose or apprise Plaintiff, BEAULIEU of her rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, BEAULIEU is entitled to liquidated damages pursuant to the FLSA.

51. Due to the willful and unlawful actions of the Defendants, Plaintiff, BEAULIEU has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

52. Plaintiff, BEAULIEU is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, BEAULIEU respectfully requests that judgment be entered in her favor against the Defendants:

    a. declaring that the Defendants violated the overtime provisions of 29 U.S.C. §207;

    b. awarding Plaintiff, BEAULIEU overtime compensation in the amount calculated;

    c. awarding Plaintiff, BEAULIEU liquidated damages in the amount calculated;

    d. awarding Plaintiff, BEAULIEU reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. awarding Plaintiff, BEAULIEU post-judgment interest; and

    f. ordering any other and further relief this Court deems to be just and proper.

Case 3:20-cv-01198   Document 1   Filed 10/21/20   Page 10 of 11 PageID 10

### COUNT III

### MINIMUM WAGE CLAIM PURSUANT TO
### FLA. CONST. ART. X, §24 & FLA. STAT. §448.110

*AS TO PLAINTIFF MILLIKIN*

53. The Plaintiff MILLIKIN re-alleges Paragraphs 1 through 22, and 27 to 32 of this Complaint as if fully set forth herein.

54. The Plaintiff MILLIKIN'S employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the Florida minimum wage.

55. The Fla. Const. Art. X, §24 and Fla. Stat. §448.110, ("FMWA"), require employee covered by the FMWA be paid a minimum wage.

56. The Florida minimum wage in 2018 was $8.25 per hour and in 2019 was $8.46 per hour.

57. During the Plaintiff's employment, when Defendants paid the Plaintiff a salary, her equivalent hourly rate was below the applicable Florida minimum wage.

58. Defendants are required to compensate Plaintiff with at least the full Florida minimum wage for all hours worked.

59. As a result of Defendants' disregard of the FMWA, the Plaintiff is entitled to liquidated damages pursuant to the FMWA.

60. Defendants knew of and/or showed a willful and reckless disregard for the provisions of the FMWA concerning the payment of minimum wages to the Plaintiff.

61. As a result of Defendants' disregard of the Article X, §24 of the Florida Constitution, Plaintiff is entitled to liquidated damages pursuant to the FMWA.

WHEREFORE, the Plaintiff respectfully requests enter judgment in her favor:

a. finding that, during the relevant period, Defendants violated the FMWA's minimum wage requirements;

b. awarding all unpaid minimum wages due or payable to the Plaintiff;

c. awarding an equal amount in liquidated damages;

d. awarding reasonable attorney's fees and costs and expenses of this litigation pursuant to the FMWA;

e. awarding post-judgment interest; and

f. awarding all other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:  October 21, 2020.

Respectfully submitted,

/s Samara Robbins Bober
SAMARA ROBBINS BOBER
FBN:  0156248
PETER J. BOBER
FBN:  0122955
BOBER & BOBER, P.A.
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
samara@boberlaw.com
*Attorneys for Plaintiffs*